UNITED STATES DISTRICT COURTS
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Fraser Rotchford,

                Plaintiff,

   v.

Richard Davies et al.,

                Defendants.

CASE NO. 3:19-cv-05154-RBL-JRC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

Plaintiff Fraser Rotchford, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Plaintiff's claims against his defense counsel are barred under *Heck v. Humphrey,* 512 U.S. 477 (1994), unless plaintiff can show his convictions were overturned through the appeals process or a habeas corpus petition. Plaintiff's allegations that defendants Dempsey, Charlton, Davies, and Jacobs verbally harassed and threatened him and that he had a consensual sexual relationship with defendant Moore are not sufficient to demonstrate a violation of the Eighth Amendment. Accordingly, the Court declines to serve

plaintiff's complaint, however, the Court provides plaintiff leave to file an amended pleading by May 24, 2019, to cure the deficiencies identified herein.

BACKGROUND

In his plaintiff, who is currently housed at Clallam County Jail, names as defendants Richard Davies, Jack Range, Jefferson County Associated Counsel ("JCAC"), Jennifer Dempsey, Scott Charlton, Nat Jacobs, and Ashley Moore. Dkt. 8 at 2. Plaintiff alleges that defendants Davies, Dempsey, JCAC, Charlton, Range, and Jacobs failed to inform plaintiff of his ability to appeal a plea bargain, failed to inform plaintiff that he was required to be at pre-trial hearings, refused to provide plaintiff with discovery, and filed an appeal against his wishes. *Id.* at 3-12.

Plaintiff alleges that defendant Dempsey repeatedly asked for his phone number, which he alleges constituted sexual harassment. *Id.* at 3-6. Plaintiff alleges that defendants Davies, Charlton, and Jacobs threatened him with physical violence. *Id.* at 4. Plaintiff alleges that he had a consensual sexual relationship with defendant Moore, a deputy at Jefferson County Sheriff's Department. *Id.* at 7.

Plaintiff seeks $16 million dollars for "application of mens rea as criterion for determination of relief instead of proof beyond a reasonable doubt of damages(s)[.]" *Id.* at 14.

DISCUSSION

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must sufficiently allege that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second step, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's complaint does not sufficiently allege these claims, which will result in dismissal of his case if not corrected in an amended complaint.

I. *Heck* Bar and Defense Counsel as Defendants

Plaintiff's allegations that defendants Davies, Dempsey, Charlton, Range, and Jacobs failed to inform plaintiff of his ability to appeal a plea bargain, failed to inform plaintiff that he was required to be at pre-trial hearings, refused to provide plaintiff with discovery, and filed an appeal against his wishes, raise a direct challenge to plaintiff's prior criminal convictions. *Id.* at 3-12.

When a prisoner confined by the government challenges the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions

whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87.

Here, plaintiff does not allege that his prior criminal convictions have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a writ of habeas corpus. *See* Dkt. 8. Rather, plaintiff's allegations indicate that he was "wrongfully accused of stalking" and "violating a protection order" *Id.* at 5. Thus, plaintiff's claims against defendants Davies, JCAC, Charlton, Range, Jacobs and Dempsey are barred under *Heck* unless plaintiff can show his convictions were overturned through the appeals process or a habeas corpus petition. *See Heck,* 512 U.S. at 486-87.

Moreover, even if plaintiff's claims are not barred under the *Heck* doctrine, plaintiff has not alleged that defendants Davies, JCAC, Charlton, Range, Jacobs and Dempsey were acting under color of state law when they defended plaintiff in his prior criminal cases.

To state a claim under § 1983, a plaintiff must allege: (1) the deprivation of right, privileges, or immunities secured by the Constitution; (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A person acts under color of state law when he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id*. at 49. "The purpose of § 1983 is to deter state actors from using the badge of their authority depriving individuals of their federally

guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000) (citing *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).

However, the Supreme Court has repeatedly recognized that public defenders are not acting under color of state law for purposes of § 1983 when they act in their traditional role as an advocate. *See*, *e.g.*, *Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (assigned public defender is ordinarily not considered a state actor); *Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk C'nty v. Dodson*, 454 U.S. 312, 320-25 (1981) (a public defendant "does not act under color of state law when performing a lawyer's traditional functions as counsel" to a criminal defendant). Public defenders and private criminal defense attorneys do not act under the color of law when representing criminal defendants because they are not acting on behalf of the government; rather, they are the government's adversary. *See Polk C'nty*, 454 U.S. at 323 n.13; *see also Atkins*, 487 U.S. at 50.

Thus, plaintiff must show cause as to why these claims should not be dismissed.

II.     Verbal Threats

Plaintiff alleges that defendants Dempsey, Charlton, Davies, and Jacobs verbally harassed and threatened him. Dkt. 8 at 3-6. First, as noted above, it is not clear that defendants Dempsey, Charlton, Davies and Jacobs were acting under the color of state law when the allegedly verbally harassed plaintiff. Moreover, "verbal harassment generally does not violate the Eighth Amendment." *Kennan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (citing *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)). Thus, even if plaintiff had alleged facts demonstrating that defendants Dempsey, Charlton, Davies, and Jacobs were acting under the color of state law, plaintiff's allegations of verbal harassment and threats are not sufficient to demonstrate a violation of the Eighth Amendment.

Accordingly, plaintiff must show cause as to why these claims should not be dismissed.

III.     Defendant Moore

Plaintiff alleges that he had a consensual sexual relationship with defendant Moore. Dkt. 8.

Sexual abuse in prison is viewed through the Eighth Amendment's ban on cruel and unusual punishment. "Whether a particular event or condition in fact constitutes 'cruel and unusual punishment' is gauged against 'the evolving standards of decency that mark the progress of a maturing society.' " *Schwenk v. Hartford,* 204 F.3d 1187, 1196 (9th Cir. 2000) (quoting *Hudson v. McMillian,* 503 U.S. 1, 8 (1992)). In terms of excessive force, the Supreme Court has held that when "prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated," regardless of whether a prisoner suffered significant physical injury. *Hudson,* 503 U.S. at 9. The only requirement is that the prison official's actions be " 'offensive to human dignity." *Schwenk,* 204 F.3d at 1196 (quoting *Felix v. McCarthy,* 939 F.2d 699, 702 (9th Cir. 1991)). "A sexual assault on an inmate by a guard ... is deeply 'offensive to human dignity.' " *Id.* at 1197.

However, numerous district courts have held that a consensual sexual relationship between a prisoner and a correctional officer does not violate the Eighth Amendment. *See Fisher v. Goord*, 981 F. Supp. 140, 174 (W.D. N.Y. 1997) (allegedly consensual sexual relationship with prison guard did not violate Eighth Amendment); *Phillips v. Bird*, 2003 WL 22953175, at *6 (D. Del. Dec. 1, 2003) ("Consensual sex between two adults does not constitute cruel and unusual punishment simply because it occurs within the walls of a prison."); *Petty v. Venus Correctional Unit,* 2001 WL 360868 at *2 (N.D. Tex. April 10, 2001) (dismissing inmate's § 1983 claim because "plaintiff has not shown the alleged [sexual] harassment to have caused him

pain"). *See also Hudson,* 503 U.S. at 9 (not "every malevolent touch by a prison guard gives rise to a federal cause of action.").

Here, plaintiff alleges his relationship with defendant Moore was consensual, and does not allege that defendant Moore engaged in any sexual abuse or misconduct which would violate the Eighth Amendment's ban on cruel and unusual punishment. Accordingly, plaintiff has not sufficiently alleged facts supporting a claim under the Eighth Amendment against defendant Moore. If plaintiff wishes to pursue claims under the Eighth Amendment against defendant Moore, he must provide an amended complaint with a short, plain statement explaining exactly what actions were taken by defendant Moore, how each defendant Moore's actions violated plaintiff's constitutional rights, what harm he suffered as a result, and whether defendant Moore had knowledge of plaintiff's harm or risk of harm.

IV. Instructions to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve plaintiff's complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of

the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before May 24, 2019, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to plaintiff.

Dated this 25th day of April, 2019.

J. Richard Creatura
United States Magistrate Judge