UNITED STATES DISTRICT COURTS
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Fraser Rotchford,

                Plaintiff,

    v.

Richard Davies et al.,

                Defendants.

CASE NO. 3:19-cv-05154-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: AUGUST 16, 2019

    Plaintiff Fraser Rotchford, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983.

    On April 25, 2019, the Court ordered plaintiff to file an amended complaint, finding that plaintiff's claims against his defense counsel are barred under *Heck v. Humphrey,* 512 U.S. 477 (1994), unless plaintiff can show his convictions were overturned through the appeals process or a habeas corpus petition. Dkt. 9. The Court also informed plaintiff that his allegations that defendants Dempsey, Charlton, Davies, and Jacobs verbally harassed and threatened him and that he had a consensual sexual relationship with defendant Moore are not sufficient to

1   demonstrate a violation of the Eighth Amendment. Dkt. 9. The Court warned plaintiff that failure
2   to respond to the order would result in the Court recommending dismissal of this action pursuant
3   to 28 U.S.C. § 1915. *Id*.
4         On June 6, 2019, plaintiff filed a response to the Court's order, but he did not file an
5   amended complaint. *See* Dkt. 10. On June 12, 2019, the Court ordered plaintiff to file an
6   amended complaint on or before July 12, 2019 because he had not cured the deficiencies of his
7   complaint with the filing of his response. Dkt. 11. The Court warned plaintiff if he failed to file
8   an amended complaint and failed to adequately address the issues raised in the Court's order
9   (Dkt. 9) on or before July 12, 2019, the undersigned would recommend dismissal of this action
10  for failure to comply with a Court order.
11        On July 16, 2019, plaintiff filed a letter to the Court, but failed to cure the deficiencies of
12  his complaint and again failed to file an amended complaint. Dkt. 12. In his letter, plaintiff states
13  he wrote a 16-page handwritten reply to the Court's report and recommendation, but he did not
14  make a copy. Dkt. 12. Plaintiff states "Mr. McCool or one of his subordinates has a copy of my
15  timely reply to [the Court's] report and recommendation." Dkt. 12 at 1. Plaintiff included
16  drawings in his letter and states "I just don't feel I can rewrite that reply." Dkt. 12 at 2. There is
17  no pending report and recommendation in his case, thus, the basis for plaintiff's statements are
18  unclear. *See* Dkt.
19        Plaintiff has failed to comply with the Court's order. This Court is not in possession of
20  the document plaintiff references, and any filings related to this case have been docketed.
21  Plaintiff has not requested an extension to file an amended complaint, and only states he is
22  unwilling to rewrite his reply. He has not filed an amended complaint curing the deficiencies
23  outlined in the Court's order (Dkt. 9), nor has he demonstrated why he is unable to do so. As
24

1  plaintiff has failed to respond to the Court's order and prosecute this case, the Court recommends
2  that this case be dismissed without prejudice.
3      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
4  Procedure, the parties shall have fourteen (14) days from service of this Report to file written
5  objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those
6  objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time
7  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August
8  16, 2019, as noted in the caption.
9      Dated this 23rd day of July, 2019.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3